UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ALEXANDER STROSS** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | |
| : | CIVIL ACTION # 1:15-cv-00223 SS |
| **REDFIN CORPORATION** : | |
| : | |
| **Defendant/Counterclaimant.** : | |
| : | |
| : | |

**PLAINTIFF ALEXANDER STROSS'S OBJECTIONS AND MOTION TO EXCLUDE
CERTAIN EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT**

Plaintiff Alexander Stross ("Plaintiff") respectfully files this objection and motion to exclude certain evidence in support of Defendant Redfin Corporation's ("Defendant") motion for summary judgment.

**OBJECTIONS**

**I.   OBJECTIONS TO THE TEXT IN THE DECLARATION OF JIM SPEER**

1.   Plaintiff objects to Paragraphs 2 and 3 of Mr. Speer's declaration (Doc. 30-12) regarding his designation as the copyright agent for Participants of Long Island Multiple Listing Service ("MLSLI"), including "Redfin." Mr. Speer's testimony is improper as it constitutes a legal conclusion that his designation as copyright agent for MLSLI also covers MLSLI's Participants and Redfin Corporation. *See* Ex. F to Defendant's Answer and Counterclaim (Doc. 15-1). This statement should therefore be excluded pursuant to Federal Rule of Evidence 402, and because it consists of improper legal conclusions.

Granted_____          Denied _____

2. Plaintiff objects to Paragraphs 4-8 of Mr. Speer's declaration regarding details related to MLSLI's policies and procedures related to copyright complaints and takedown procedures. Mr. Speer's testimony is irrelevant since MLSLI's policies and procedures have nothing to do with Redfin's obligations under the Digital Millennium Copyright Act ("DMCA") to designate a copyright agent and identify the agent to the Copyright Office. Mr. Haag's testimony also constitutes an improper legal conclusion to the extent that it implies NWMLS is authorized to act as the copyright agent for Redfin. This testimony should therefore be excluded pursuant to Federal Rule of Evidence 402, and because it contains an improper legal conclusion.

Granted_____    Denied _____

II. **OBJECTIONS TO THE TEXT IN THE DECLARATION OF JUSTIN HAAG**

3. Plaintiff objects to Paragraphs 2, 3 of Mr. Haag's declaration (Doc. 30-12) regarding his designation as the copyright agent for members of Northwest Multiple Listing Service ("NWMLS"), including "Redfin." Mr. Haag's testimony is improper as it constitutes a legal conclusion that his designation as copyright agent for NWMLS also covers its members and Redfin Corporation. *See* Ex. G to Defendant's Answer and Counterclaim (Doc. 15-1). This statement should therefore be excluded pursuant to Federal Rule of Evidence 402, and because it contains an improper legal conclusion.

Granted_____    Denied _____

4. Plaintiff objects to Paragraphs 4-14 of Mr. Haag's declaration regarding details related to the operation of the NWMLS multiple listing service ("MLS"), and its policies and procedures related to copyright complaints and takedown procedures. Mr. Haag's testimony is irrelevant since it has nothing to do with the multiple listing service operated by

Austin/Central Texas Information Systems ("ACTRIS"), or Redfin's obligations under the DMCA to designate a copyright agent and identify the agent to the Copyright Office. Mr. Haag's testimony also constitutes an improper legal conclusion to the extent it implies that NWMLS is authorized to act as the copyright agent for Redfin. This testimony should therefore be excluded pursuant to Federal Rule of Evidence 402, and because it contains improper legal conclusions.

Granted_____     Denied _____

5. Plaintiff objects to Paragraphs 7, 8 and 10 of Mr. Haag's declaration regarding the nature of the MLS. Mr. Haag's testimony lacks foundation, is conclusory, irrelevant, and contains a lay opinion. Mr. Haag is not qualified to speak to the purpose or function of the MLS. As a result, Paragraph 7 should be excluded under Federal Rules of Evidence 402, 602 and 701.

Granted_____     Denied _____

6. Plaintiff objects to Paragraph 11 of Mr. Haag's declaration regarding the nature of regional MLSs. This statement lacks foundation, is conclusory, irrelevant, contains an improper legal conclusion and contains a lay opinion. Mr. Haag is not qualified to speak to the actions and procedures of other MLSs. As a result, Paragraph 11 should be excluded under Federal Rules of Evidence 402, 602 and 701, and because it contains improper legal conclusions.

Granted_____     Denied _____

### III.  OBJECTIONS TO THE TEXT IN THE DECLARATION OF PAUL FLEURDELYS

7.      Plaintiff objects to Paragraph 6 of Mr. Fleurdelys' declaration as to what constitutes a "lawful consumer-broker relationship". This testimony is conclusory inasmuch as it assumes that a user reads terms of use and actually understands and agrees to the terms, and the testimony also constitutes an improper legal conclusion that there was a binding contract. As a result Paragraph 6 and its subparts should be excluded under Federal Rules of Evidence 701, and because it is conclusory and contains improper legal conclusions.

Granted_____         Denied _____

8.      Plaintiff objects to Paragraph 13 of Mr. Fleurdelys' declaration in which he discusses alleged restrictions on Redfin's use of MLS data. The testimony lacks foundation since it does not reference any alleged ACTRIS Rules pertaining to the subject matter; and in any event, Mr. Fleurdelys' testimony is irrelevant and should be excluded under the Best Evidence Rule since the ACTRIS Rules are the best evidence of the restrictions under which Redfin may use MLS data. As a result, Paragraph 13 should be excluded under Federal Rules of Evidence 402, 602 and 1002.

Granted_____         Denied _____

9.      Plaintiff objects to Paragraph 18 of Mr. Fleurdelys' declaration regarding his interpretation of the ACTRIS Rules. This statement lacks foundation, is conclusory, and contains an improper legal conclusion. Mr. Fleurdelys is not an expert on the ACTRIS Rules and is not qualified to interpret them. In any event, the ACTRIS Rules are the best evidence. As a result, Paragraph 18 should be excluded under Federal Rules of Evidence 402, 602, 701, and 1002, and because it contains improper legal conclusions.

Granted_____          Denied _____

10.     Plaintiff objects to Paragraph 22 of Mr. Fleurdelys' declaration regarding his statement that "Redfin did not claim anywhere on its website that any photographs were provided courtesy of Alexander Stross". This statement is irrelevant. Plaintiff's CMI claim is that Redfin implies that the brokerage listed has given rights to Redfin to display the photograph by saying "Listing Provided Courtesy of ____". Mr. Fleurdelys' statement confuses the issue. As a result, this statement should be excluded under Federal Rules of Evidence 402 and 403.

Granted_____          Denied _____

**IV.     OBJECTIONS TO THE TEXT IN THE DECLARATION OF SCOTT NAGEL**

11.     Plaintiff objects to Paragraph 9 of Mr. Nagel's declaration regarding the statement that "Redfin does not generate any revenue from Redfin's website or mobile applications". This statement is inaccurate as a matter of fact. As Mr. Nagel stated in Paragraph 10, Redfin generates revenue through brokerage services, which are provided through its website and mobile applications. To say otherwise is misleading and confuses the issues. As a result, this statement should be excluded under Federal Rules of Evidence 402 and 403.

Granted_____          Denied _____

**V.     OBJECTIONS TO THE TEXT IN THE DECLARATION OF TERESA MILLER**

12.     Plaintiff objects to Paragraph 3 of Ms. Miller's declaration regarding the statement that Redfin has adopted a user policy to address allegations of copyright infringement. This statement is inaccurate as a matter of fact and confuses the issues. At issue is whether Redfin's policies comply with DMCA requirements, not whether they have a policy

at all. Additionally, Ms. Miller has provided no evidence to support this statement. The user policy is the best evidence of a policy under the Best Evidence Rule. As a result, this statement should be excluded under Federal Rules of Evidence 403 and 1002.

  Granted_____       Denied _____

13. Plaintiff objects to Paragraph 4 and 8 of Ms. Miller's declaration regarding the statement that Redfin has a designated copyright agent and identified the agent to the copyright office. This statement is inaccurate as a matter of fact and it confuses the issues. The evidence demonstrates that the copyright agents identified to the copyright office are agents of third party MLSs – not Redfin. *See* Ex. F to Defendant's Answer and Counterclaim (Doc. 15-1). As a result, this statement should be excluded under Federal Rules of Evidence 402 and 403, and because it contains an improper legal conclusion.

  Granted_____       Denied _____

## VI. OBJECTIONS TO THE TEXT IN THE DECLARATION OF ANNE HALE BAILEY

14. Plaintiff objects to Paragraph 6 of Ms. Bailey's declaration as to what constitutes a "lawful consumer-broker relationship". This testimony is conclusory inasmuch as it assumes that a user reads terms of use and actually understands and agrees to the terms, and the testimony also constitutes an improper legal conclusion that there was a binding contract. As a result Paragraph 6 and its subparts should be excluded under Federal Rules of Evidence 701, and because it is conclusory and contains improper legal conclusions.

  Granted_____       Denied _____

15. Plaintiff objects to Paragraph 24 of Ms. Bailey's declaration regarding broker-

consumer relationship. This statement is contains legal conclusions. The statement makes assumptions as to what is sufficient to constitute a broker-consumer relationship, which is a matter of law. As a result, this statement should be excluded under Federal Rules of Evidence 402, 403, and because it contains improper legal conclusions.

Granted_____                    Denied _____

## CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff asks this Court to grant its motion to exclude certain evidence in support of Defendant's Motion for Summary Judgment. Plaintiff prays for all other relief to which it may be entitled,

Dated:  July 31, 2015                    Respectfully submitted,

/s/ R. Buck McKinney_____
R. Buck McKinney
**LAW OFFICE OF BUCK MCKINNEY, PC**
Texas Bar # 00784572
PO Box 6231
Austin, Texas  78762-6231
Telephone:  (512) 236-0150
Facsimile:  (512) 444-1879
Email: mckinney@buckmckinney.com

*Attorney for Plaintiff Alexander Stross*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached document was filed electronically on July 31st, 2015.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Joel B. Ard
Christopher R. Osborn
Kelly A. Lennox
Foster Pepper PLLC
1111 Third Avenue, Suite 3400

Seattle, WA 98101
Joel.ard@foster.com
osboc@foster.com
lennk@foster.com

Bruce C. Morris
Kane Russell Coleman & Logan PC
Galleria Tower II, 10thFloor
5051 Westheimer Road
Houston, Texas 77056
bmorris@krcl.com

*Attorneys for Defendants*
*Redfin Corporation*

        /s/ R. Buck McKinney_____
        R. Buck McKinney
        **ATTORNEY FOR PLAINTIFF ALEXANDER STROSS**